**GOVERNMENT OF GUAM, Appellee**

**v.**

**ROLANDO S. GARCIA, Appellant**

Criminal No. 17-A

District Court of Guam

Appellate Division

April 2, 1959

Counsel for Appellee:       RICHARD D. MAGEE, *Deputy Island Attorney*, Attorney General's Office

Counsel for Appellant:    REYES & LAMORENA, *Attorneys at Law*, Agana, Guam

Before GILMARTIN, *United States Judge*, District Court of Guam; FURBER, *Chief Justice*, High Court of the Trust Territory of the Pacific Islands; MANIBUSAN, *Chief Judge*, Island Court of Guam

## PER CURIAM

### OPINION

This matter is before the Court, without oral argument, by stipulation of counsel. In answer to the first question submitted as to whether the Trial Court erred in denying the defendant's motions to quash the information on the ground that no offense was charged because only acts at one time were charged as constituting vagrancy, while it is clear that at common law vagrancy was a continuing offense, it is also clearly within the power of the Legislature to enlarge the definition of vagrancy. The Guam Legislature has done this, and in Section 647 of the Penal Code has set forth the offense in terms far more comprehensive than the common law meaning of vagrancy.

■ At common law, and under most of the provisions of Section 647, a single act is not sufficient to constitute a person a vagrant, but in each case the statute must be read in order to determine whether it requires more than a single act to be committed. Certain acts are of such a nature as to reasonably justify an inference that no one not of lewd or dissolute character would do the act even once. In a prosecution for vagrancy where the charge is based on Subdivision 5 of Section 647 of the Penal Code, as is applicable in this case, relating to lewd and dissolute persons, and the evidence shows such a single act, the question of the in-

48

ference to be drawn therefrom of a continuing act is for the Trial Court. *People v. Scott,* 113 Cal.App. (Sup.) 778 (1931). *People v. Babb,* 103 C.A.2d 326 (1951).

██ As to the second point raised by the appellant; namely, whether the Court erred in denying the defendant's motion to dismiss, made on the ground that the testimony of the accomplice was not corroborated as required by Section 1111 of the Penal Code of Guam, we hold that the accused's confession constituted sufficient corroboration. See 20 Am.Jur., Evidence, Sec. 1237, p. 1089.

The judgment of the Island Court of Guam is accordingly affirmed.